# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2021

Lyle W. Cayce
Clerk

No. 20-11198
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Flores Garfias, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-321-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Mario Flores Garfias, Jr., appeals the sentence imposed upon revocation of his supervised release. The district court varied upward from the advisory range by sentencing Flores Garfias to twenty-four months in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11198

prison, and he objects that this sentence is unreasonable because it fails to reflect due consideration of mitigating factors.

Because Flores Garfias properly preserved his objection to the upward variance, we review his sentence under the "plainly unreasonable" standard. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Under this standard, we ask whether Flores Garfias has shown that the district court abused its discretion. *Id.* at 332. He has not made such a showing.

The record indicates that the district court listened to counsel's explanations for Flores Garfias's conduct but found them unpersuasive, an assessment we will not second-guess. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) ("[Defendant's] claim amounts to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do."). Nor do we accept that the court's decision to vary upward betokens unreasonableness, particularly in view of Flores Garfias's history of violating release conditions. *See Warren*, 720 F.3d at 332 (observing that we have "routinely affirmed revocation sentences exceeding the advisory range" (citation and internal quotation marks omitted)). Accordingly, Flores Garfias fails to show an abuse of the district court's discretion.

The judgment is AFFIRMED.